UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>IAN BENNETT SCARLETT,<br><br>                    Defendant. | CASE NO. 2:15-cr-00368-LK<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

      This matter comes before the Court on Ian Scarlett's Motion for Early Termination of Supervised Release. Dkt. No. 50. The Government and United States Probation oppose the motion. Dkt. Nos. 51–52. For the reasons discussed below, Mr. Scarlett's motion is denied.

### I.  BACKGROUND

      In January 2016, Mr. Scarlett pleaded guilty to Possession of a Stolen Ammunition, in violation of 18 U.S.C. § 922(j). Dkt. Nos. 18–22. On May 5, 2016, the Court sentenced him to 41 months' imprisonment and three years of supervised release, to run concurrently with a sentence imposed in King County Superior Court. Dkt. Nos. 27–28. Mr. Scarlett's initial term of supervised

release began on September 21, 2021 and is scheduled to end on September 7, 2024. Dkt. No. 50 at 2–3; Dkt. No. 51 at 1; Dkt. No. 52 at 2.

During his first two years of supervision, Mr. Scarlett committed several violations of the conditions of his supervised release. *See* Dkt. No. 50 at 2–3; Dkt. No. 51 at 2; Dkt. No. 52 at 1. In November 2021, the Court revoked his term of supervised release after he pleaded guilty to committing the crime of assault and consuming alcohol, and sentenced him to time served and 33 months of supervised release. *See* Dkt. Nos. 41–42. In addition, he consumed alcohol in June 2022 and March 2023, resulting in increased testing. *See* Dkt. Nos. 44, 46. Mr. Scarlett has undergone substance abuse treatment through Sound Mental Health, and since his last violation in March 2023, there is no record of further violations. Dkt. No. 50 at 3. He also represents that he is a certified HVAC technician and is in the process of beginning a new job. *Id.*

He seeks the early termination of his term of supervised release because he "has received maximum benefit from supervision and has established a lawful, productive life," and "[n]othing more can be accomplished in the remaining two months of supervision." *Id.* As noted above, both the Government and Probation oppose Mr. Scarlett's motion. Dkt. Nos. 51–52.

## II. DISCUSSION

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quotation marks and citation omitted); *see also* 18 U.S.C. § 3583(e)(1). District courts maintain discretion "to consider a wide range of circumstances when determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). Notably, the Ninth Circuit has clarified that early termination

of supervised release is not "reserved for rare cases of exceptionally good behavior." *Id.* (quotation marks and citation omitted).

Over the past year, Mr. Scarlett has stabilized on supervision and the Court commends him for his progress. Nevertheless, having considered the relevant factors required under Section 3583(e), the Court concludes that Mr. Scarlett's overall conduct and the interests of justice do not warrant the termination of his supervision two months early. Specifically, the Court finds that, in light of the nature and circumstances of Mr. Scarlett's offense and his history and characteristics, *see* Dkt. No. 23 at 3, 5–11 (presentence investigation report), two more months of testing to close out Mr. Scarlett's period of supervision will help ensure that the positive strides he has made to date will continue and will help deter future criminal conduct. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(C).[1]

## III.  CONCLUSION

For the reasons stated herein, Mr. Scarlett's Motion for Early Termination of Supervised Release, Dkt. No. 50, is hereby DENIED.

Dated this 10th day of July, 2024.

Lauren King
United States District Judge

---

[1] The Court notes that the factors set forth in Subsections 3553(a)(4)–(a)(6) do not weigh in favor of early termination, and Subsection 3553(a)(7) is inapplicable because Mr. Scarlett was not ordered to pay restitution as part of his conviction. *See* Dkt. No. 28 at 5.